IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Nita Sue Wood, ) | |
| ) | |
| Plaintiff, ) | C/A No. 5:10-2858-TMC |
| ) | |
| v. ) | |
| ) | **OPINION & ORDER** |
| Michael J. Astrue, Commissioner ) | |
| of Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her claim for Social Security Disability Insurance Benefits ("DIB") under the Social Security Act (the "Act"). This matter is before the court for a review of the Magistrate Judge's Report and Recommendation ("Report"), filed on January 23, 2012. (Dkt. # 24).

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

**Procedural Background**

Plaintiff filed an application for DIB on April 25, 2007, with an amended alleged disability onset date of December 5, 2006. Her application was denied initially and upon reconsideration. An Administrative Law Judge ("ALJ") conducted a hearing on August 14, 2009. A supplemental

hearing was held on February 3, 2010. On February 25, 2010, the ALJ issued a decision finding Plaintiff became disabled on September 16, 2009, but not prior to that date. Plaintiff sought review of her case by the Appeals Council which was denied. Plaintiff filed this action on November 4, 2010. The Magistrate Judge to whom this matter was referred filed a Report and Recommendation on January 23, 2012, in which she recommended that the Commissioner's decision be affirmed. Plaintiff filed objections to the Report on February 6, 2012. (Dkt. # 27). This matter is now ripe for review. In her Report, the Magistrate Judge sets forth the relevant facts and legal standards which are incorporated herein by reference.

## Standard of Review

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . . 42 U.S.C. § 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational."

*Vitek*, 438 F. 2d at 1157-58.

## DISCUSSION

In her objections, Plaintiff argues that the Magistrate Judge misapprehended the character of a statement made by a treating physician and then incorrectly applied inapplicable authority as to how this evidence should be evaluated and weighed. The court disagrees.

On November 29, 2007, Dr. Daniel J. Dahlhausen, Plaintiff's treating physician, executed an affidavit, or statement, in which he stated that Plaintiff suffers from degenerative disc disease, fibromyalgia, chronic fatigue , left carpal tunnel syndrome, and depression. (R. 456). He stated Plaintiff meet all the criteria for a diagnosis of fibromyalgia. He stated her activities were limited as follows:

> i)  she has difficulty performing activities of daily living without experiencing increased pain and fatigue;
>
> ii)  she cannot perform any activity for an extended period of time;
>
> iii)  she has limited range of motion in her neck and she has difficulty turning her head;
>
> iv)  she has limited use of her arms, and using her arms for any activity causes pain in her neck and back;
>
> v)  she cannot write or use her left hand for extended periods of time without experiencing increased pain and numbness;
>
> vi)  she cannot focus or concentrate for extended periods of time;
>
> vii)  she has difficulty sleeping at night which contributes to the fatigue she experiences.

(R. 457). Dr. Dahlhausen then stated that he had a conversation with the Medical Advisory Group concerning Plaintiff wherein

> "it was indicated [that Ms. Wood] could perform full time work with the

3

>    restrictions of no more than occasionally lifting, carrying, pushing or pulling up to
>    20 pounds. In addition [Ms. Wood] should be able to change position intermittently
>    as needed for comfort, including sitting, standing, and walking. Lastly, [Ms. Wood]
>    should not be required to climb ladders or scaffolds."

(R. 458).  (alterations and quotation marks in original).  He stated that "[w]ith all due respect to the insurer, [he had] not stated [Plaintiff] could perform full-time work."  *Id.*  He concluded by opining that Plaintiff was "completely and totally disabled from performing any occupation on a full-time basis."  (R. 459).

In a later medical source statement, dated July 2008, Dr. Dahlhausen noted that he began treating Plaintiff on December 5, 2006, and he opined that she could not work full-time and had been unable to work since November 14, 2006.  In this opinion, he noted Plaintiff was restricted in all of the areas on the form, but he did not include any specifics.  (R. 448).  He opined Plaintiff would need a sit/stand option; however, he noted "[b]ut pain was mostly upper spine."   He stated he was unsure if Plaintiff needed the option of taking unscheduled rest periods.  As to the question of whether Plaintiff's pain or other conditions would markedly interfere with her ability to concentrate, handle stress, or interact appropriately with employers, co-workers, or customers, Dr. Dahlhausen checked "yes;" however, he struck through the word "markedly."  (R. 449).  He also opined that she could not safely handle heavy or hazardous machinery.  Finally, as to the question of whether Plaintiff was able to work full-time as of December 5, 2006, Dr. Dahlhausen checked "no," and added "not the type of work she was accustomed to doing."  (R. 450).

In her brief, Plaintiff alleged the ALJ erred by failing to discuss Dr. Dahlhausen's November 2007 statement. In her Report, the Magistrate Judge found the ALJ appropriately considered Dr. Dahlhausen's opinion from July 2008 and that in the November 2007 affidavit Dr. Dahlhausen's opinion that Plaintiff was disabled was not entitled to any deference as that is an

issue reserved to the Commissioner. (Report at 20-22). The court agrees.

Moreover, the court notes that the ALJ clearly addressed Dr. Dahlhausen's later opinion and the limitations contained therein which addressed Plaintiff's limitations beginning on December 2006. While it would have been preferable for the ALJ to have specifically addressed the earlier November 2007 affidavit in some fashion, there is no question that the ALJ appropriately considered Dr. Dahlhausen's later opinion encompassing the same time period. Further, the court believes that the purpose of the November 2007 affidavit was not to set forth specific limitations regarding Plaintiff, but was rather to explain Dr. Dahlhausen's statement to the insurer and clarify that he opined that Plaintiff was completely disabled and unable to perform any full-time work.

After carefully reviewing the record, the court finds that the Magistrate Judge's recommended disposition is correct in this case and Plaintiff's objections should be overruled. Having conducted the required de novo review of the issues to which Plaintiff has objected, the Court finds no basis for disturbing the Report. The Magistrate Judge adequately addressed each of these issues in the Report and the court concurs with both the reasoning and result recommended by the Magistrate Judge. The court has carefully reviewed the record and finds that substantial evidence supports the Commissioner's decision that the Plaintiff was not disabled as defined by the Social Security Act.

## Conclusion

After a thorough review of the record, the court finds the Magistrate Judge's Report provides an accurate summary of the facts and law in this case. The court adopts the Report of the Magistrate Judge and incorporates it herein by reference. Plaintiff's objections are overruled. For the reasons set out above and in the Report, the Commissioner's final decision is **AFFIRMED.**

**IT IS SO ORDERED.**

                                                                         s/Timothy M. Cain
                                                                         United States District Judge

February 13, 2012
Greenville, South Carolina